# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Puma Energy Honduras, S.A. de C.V. ) | ASBCA No. 61966 |
| ) | |
| Under Contract No. SPE605-18-D-1268 ) | |

APPEARANCES FOR THE APPELLANT:
Alberto J. Bayouth-Montes, Esq.
Jerry Lucas Marrero-Cartagena, Esq.
Carlos A. Vázquez-Alberty, Esq.
Andres A. Calderon, Esq.
  O'Neill & Borges LLC
  San Juan, PR

APPEARANCES FOR THE GOVERNMENT:
Daniel K. Poling, Esq.
  DLA Chief Trial Attorney
Jaqueline L. Neumann, Esq.
Matthew Vazquez, Esq.
  Trial Attorneys
  DLA Energy
  Fort Belvoir, VA

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Appellant appeals from the termination of its fuel delivery contract for default. The government requests summary judgment on that issue, and the dismissal for lack of jurisdiction of appellant's ancillary requests for injunctive relief.*

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,127 (citing Fed. R. Civ. P. 56(a)). The government justifies a termination for default

---

* The government initially filed a motion to dismiss for failure to state a claim upon which relief could be granted, or in the alternative, to strike appellant's request for injunctive relief. By order dated July 9, 2019, the Board advised the parties that it would treat the government's filing as a motion for summary judgment. In accordance with the Board's guidance on summary judgment motions, both parties proposed statements of fact (government – Statement of Material Undisputed Facts (SUMF) and appellant – Statement of Genuine Issues of Material Fact (SGIMF)).

where the contractor failed to perform the work; the contractor must then demonstrate that its default is excused. *HK&S Constr. Holding Corp.*, ASBCA No. 60164, 19-1 BCA ¶ 37,268 at 181,352. Here, it is undisputed that appellant failed to deliver fuel to the government because overdue invoices not yet paid by the government caused appellant's "internal fuel dispatch system" to automatically block the fuel deliveries at issue, resulting in their non-delivery (app. sur-reply at 6 ¶ 19; SGIMF ¶ 19; SUMF ¶ 29). Although government nonpayment that causes financial incapacity may excuse a contractor's nonperformance, *see Cosmic Constr. Co.*, ASBCA No. 24014, 88-2 BCA ¶ 20,623 at 104,242, here it is undisputed that appellant's own internal business practices, as well as its own invoicing errors, were the reason it failed to perform (R4, tab 202; SGIMF ¶ 19); consequently, appellant defaulted, and its default is not excused. Because the government has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law on whether its default termination may stand, we grant its motion for summary judgment.

In addition, appellant requests that we declare that the contract is still valid and in place and that appellant may deliver fuel to the government (compl. at 6). Those are requests for injunctive relief that we do not possess jurisdiction to entertain. *See CDM Constructors, Inc.*, ASBCA No. 59524, 15-1 ¶ 36,097 at 176,238. Accordingly, we dismiss those requests for lack of jurisdiction.

We find it unnecessary to address any further the parties' contentions. Accordingly, the appeal is denied.

Dated: January 14, 2020

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61966, Appeal of Puma Energy Honduras, S.A. de C.V., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

3